UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON GREGORY ROBINSON,

        Petitioner,

v.                                            CASE NO. 07-15419
                                                HONORABLE DENISE PAGE HOOD

CAROL HOWES,

        Respondent.
_____/

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS,
GRANTING PETITIONER'S MOTION TO DELETE HIS UNEXHAUSTED CLAIM,
DENYING PETITIONER'S MOTION TO REMAND,
AND DIRECTING RESPONDENT TO FILE
AN ANSWER TO THE HABEAS PETITION**

### I. Introduction

Petitioner Brandon Gregory Robinson has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition asserts four grounds for relief: (1) evidence obtained from an unconstitutional search and seizure was used to convict Petitioner; (2) evidence obtained pursuant to an unlawful arrest was used to convict Petitioner; (3) Petitioner's trial counsel was ineffective for failing to (a) move to suppress illegally obtained evidence and (b) request an evidentiary hearing to admit a 911 call; and (4) the prosecutor failed to disclose evidence favorable to the defense.

Pending before the Court is respondent Carol Howes' motion to dismiss the habeas petition on the ground that Petitioner did not exhaust state remedies for his fourth claim. Also pending before the Court are Petitioner's motion to delete his unexhausted fourth claim and Petitioner's motion to remand his case to the state court for an evidentiary hearing.

## II. Discussion

Petitioner concedes that he did not raise his fourth claim in state court as required by 28 U.S.C. § 2254(b)(1).  *See also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (explaining that state prisoners are required to give the state courts an opportunity to correct alleged violations of their federal rights).  Courts ordinarily must dismiss a habeas petition containing exhausted and unexhausted claims.  *Rose v. Lundy,* 455 U.S. 509, 522 (1982).  Petitioner, however, would like to delete his unexhausted fourth claim from his habeas petition and have the Court adjudicate his remaining claims.  Accordingly, Respondent's motion to dismiss the entire habeas petition [Dkt. 8] is **DENIED**, and Petitioner's motion to amend his habeas petition to delete his unexhausted fourth claim [Dkt. 10] is **GRANTED**.  Respondent is ordered to file an answer to Petitioner's first three habeas claims within forty-five days of the date of this order.

Petitioner's motion to remand his case for an evidentiary hearing [Dkt. 11] is **DENIED**, because

> [i]t would be error for a federal court to "remand" an action to the state appellate courts for the issuance of fuller findings to facilitate review under [the Antiterrorism and Effective Death Penalty Act] or for a federal court to order any state court to issue fuller findings.  Where a state court decides a constitutional issue by form order or without extended discussion, a habeas court should then focus on the result of the state court's decision . . . .

*Harris v. Stovall*, 212 F.3d 940, 943 n.1 (6th Cir. 2000).

This Court declines to grant an evidentiary hearing because the Court is not presently persuaded that, even if Petitioner could prove his factual allegations, he would be entitled to federal habeas relief.  *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007). The Court nevertheless will re-consider the issue, if necessary, on receipt of the state court

record and Respondent's answer to the habeas petition. It will not be necessary for Petitioner to re-new his motion for an evidentiary hearing.

Accordingly,

IT IS ORDERED that Respondent's Motion to Dismiss [**Docket No. 8, filed on July 3, 2008**] is DENIED.

IT IS FURTHER ORDERED that Respondent file an Answer to Petitioner's first three habeas claims within forty-five (45) days of the date of this Order.

IT IS FURTHER ORDERED that, as part of the Answer, Respondent shall file with the Clerk a copy of the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state appellate opinions and orders as required by Rule 5. A separate index listing the materials being submitted shall also be filed.

IT IS FURTHER ORDERED that Petitioner's Motion to Amend Habeas Petition [**Docket No. 10, filed on July 15, 2008**] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion to Remand for Evidentiary Hearing [**Docket No. 11, filed on July 30, 2008**] is DENIED.

                                                S/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: March 23, 2009

I hereby certify that a copy of the foregoing document was served upon Brandon Robinson, Reg. No. 352984, Lakeland Correctional Facility, 41 First Street, Coldwater, MI 49035 and counsel of record on March 23, 2009, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager